Sukhdev Singh SEMBHI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72803.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Jan. 12, 2007.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack Fax, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, COX *, and PAEZ, Circuit Judges.

* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

MEMORANDUM **

Sukhdev Singh Sembhi, a native and citizen of Punjab, India, seeks review of a final order of the Board of Immigration Appeals (BIA) issued on May 19, 2004. The order affirmed an immigration judge's decision to deny Mr. Sembhi's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

■ We find that this court has no jurisdiction to review Mr. Sembhi's appeal to the extent that he seeks a reversal of the IJ's decision regarding CAT. Mr. Sembhi's brief to the BIA addressed only his claims that the evidence presented to the IJ established past persecution and a well-founded fear of future persecution. *See* A.R. 5–43. These are standards for asylum and withholding of removal, not protection under CAT. Therefore, because Mr. Sembhi failed to exhaust his administrative remedies with respect to the denial of his request for CAT protection, this court has no jurisdiction to hear that question. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001); *Vargas v. United States Dept. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citations omitted).

■ Turning to the asylum and withholding of removal claims, we deny the petition for review. The BIA found no clear error in the IJ's decision to deny Mr. Sembhi's application, which denial was based, in part, on the IJ's finding that Mr. Sembhi's testimony in support of his applications was not credible and, in part, on

the IJ's finding that the evidence of country conditions in India did not support Mr. Sembhi's claim of fear of future persecution. Substantial evidence supports the IJ's decision. Mr. Sembhi's testimony at the asylum hearing was internally inconsistent. There is also substantial evidence to support the IJ's finding that Mr. Sembhi's accounts of being beaten were implausible, as one would expect that beatings of the duration and severity that he recounted would have caused more severe injuries. And, the documentary evidence that Mr. Sembhi submitted in support of his claims of past persecution was suspect. Finally, the country reports in the record support the IJ's finding that it was not probable that Mr. Sembhi would suffer future persecution were he to return to India. Mr. Sembhi has not carried his burden on appeal to show that " 'no reasonable factfinder could fail to find the requisite fear of persecution.' " *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992)).

PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.

PAEZ, Circuit Judge, concurring:

I concur in the judgment. When an immigration judge ("IJ") provides several grounds for an adverse credibility determination, this court may affirm on the basis of any one ground that relates to the alleged fear of persecution and goes to the heart of the asylum claim. *Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006). Although the court's memorandum lists several reasons to affirm the IJ's adverse credibility determination, I would rely only on the IJ's conclusion that Singh Sembhi

submitted a self-serving medical record of dubious authenticity to support his allegation of police brutality. This determination goes to the heart of Singh Sembhi's asylum claim and provides substantial evidence to support the IJ's adverse credibility finding. In my view, the other bases cited in the memorandum are insufficient.